STATE OF NORTH CAROLINA v. WADE WHITLEY

No. 747SC476

(Filed 7 August 1974)

Criminal Law § 114— expression of opinion in charge

In a second degree murder prosecution, the trial judge expressed an opinion in violation of G.S. 1-180 when he instructed the jury, "I have no opinion as to whether you should find the defendant either guilty or not guilty of the three things I told you, one of which you would have to find him guilty of."

APPEAL by defendant from Webb, Judge, October 1973 Session of Superior Court held in NASH County. Heard in the Court of Appeals on 19 June 1974.

This is a criminal action wherein the defendant, Wade Whitley, was charged in a bill of indictment, proper in form, with the first degree murder of Wilbur Lee Bray on 8 April 1972. Prior to arraignment the State announced that it would seek a verdict of second degree murder or any lesser included

State v. Whitley

offense. The defendant then entered a plea of not guilty and the State offered evidence tending to establish the following:

On 7 April 1972 Wilbur Lee Bray was admitted to Wilson Memorial Hospital; however, a few hours after his admission Bray left the hospital without the permission of his doctors. That evening defendant came to Bray's house and the two men left the house together and stayed out all night. The next day defendant and Bray were sitting in the kitchen of Bray's house drinking and talking when they became involved in an argument. Defendant told Bray he was leaving and the two men went outside where they started fighting. Bray's daughter testified as follows:

> "I was standing on the porch right behind him as Wade was walking toward the car, and all of a sudden he turned around and said, 'What did you say,' like that and he runs up and hit daddy and daddy caught his balance at first and then he hit him again and knocked him down. * * *

> * * * Wade jumped on top of him and put his knee on his throat. He picked up a bottle, it was a fifth, liquor bottle that was outside laying in the yard. He just picked that liquor bottle up like this, and before he come down, I turned around and ran back in the house and told mama that they were fighting. When I told mama, her and Cindy and my sister and me all ran back outside where they were fighting. I noticed that the liquor bottle had been broken and it was laying down there on the ground, so that's when mama hit Wade over the head with the brush and pulled him off daddy. * * * "

The rescue squad was called to take defendant to the hospital. Some two or three hours later, Bray was taken to the hospital by the rescue squad, where he died on 10 April 1972.

Dr. Laurin J. Kaasa, a medical expert in the field of pathology, testified that "in my opinion [Bray] expired as a result of extensive brain damage and subdura hemorrhage. This type of injury is related to outside pressure. A blow to the head, has been my experience. These blows are usually from a heavy or flat object or a blow with considerable velocity to it. * * * "

The defendant offered evidence tending to show that on 7 April 1972, the defendant stopped by to see Bray and they drank some whiskey. During defendant's visit Bray fell and hit

his head and defendant and Bray's wife took her husband to the hospital. Later that same day, after hearing that Bray had returned from the hospital, the defendant came by Bray's house and the two men drank liquor all night and into the next day.

The defendant was found guilty of voluntary manslaughter and from a judgment imposing a prison sentence of five (5) years, he appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr., for the State.*

*Farris, Thomas and Farris by Robert A. Farris for defendant appellant.*

HEDRICK, Judge.

At the outset we note that the evidence, when taken in the light most favorable to the State, was sufficient to withstand defendant's motions for nonsuit.

Defendant asserts by his assignment of error number eleven that the trial judge committed prejudicial error in his charge to the jury by expressing an opinion in violation of G.S. 1-180. The specific portion of the charge to which this assignment of error is directed reads as follows:

"(Indeed, I have no opinion as to whether you should find the defendant either guilty or not guilty of the three things I told you, *one of which you would have to find him guilty of,* or whether you should find him not guilty.)" (Emphasis added.)

We agree with defendant's contention.

The trial judge occupies an exalted position and the jurors entertain a deep respect for his opinion. *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966). "As a consequence [of this exalted position], the judge prejudices a party or his cause in the minds of the trial jurors whenever he violates the statute by expressing an adverse opinion on the facts. When this occurs, it is virtually impossible for the judge to remove the prejudicial impression from the minds of the trial jurors . . . . " *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954).

The trial judge's comment in the instant case that the jury would have to find the defendant guilty of one of the three of-

fenses which he had previously discussed is prejudicial error and is not cured, as suggested in the State's brief, by construing the charge contextually as a whole. For such error, the defendant must be afforded a new trial.

The defendant brings forth and argues several other assignments of error which we will not discuss as they are not likely to recur on a retrial of this case.

New trial.

Judges CAMPBELL and PARKER concur.